ToRtiEY, J.
delivered the opinion of the court.
This bill is filed to rescind a contract for the sale of lands to the defendant, upon the ground of fraudulent misrepresentation as to the quantity and quality of land contained within the boundaries specified by the contract.
The contract to sell and purchase was made between the defendant and the agent of the complainant, but the deed was executed by the complainant and beais date the 23d day of November, 1827. The bill to rescind was filed on the 27th day of December, 1836, nine years after the contract was executed, but che complainant alledges as an excuse for his delay, his ignorance of the fraud practised upon him. If there was any fraud in procuring the contract, it consisted in the misrepresentation of the quantity *45 of land sold; but we are not satisfied that there was any fraud ulent misrepresentation. The defendant denies that he did know what quantity of land was embraced by the lines; that there was more than the nominal amount called for in the deed is true, and the defendant avers and proves that he so informed the complainant at the time he executed the deed. The proof is not satisfactory as to the existence of a fraudulent intent on the part of the defendant; but, if it were, we are of opinion that the great length of time the complainant has slept upon his right, precludes him from now asking the aid of a court of Chancery. There was no fraudulent concealment, and could have been none, of any facts by the defendant by which the complainant could be prevented from a full knowledge of his rights at any moment he might have thought proper. He had been informed before he executed the deed that the defendant had obtained an advantage over his agent; he was told at the time he executed the deed, that there were several hundred acres of land within the limits of the sale. He might have gone at that moment of time and satisfied himself both as to the quantity and quality of the land by personal observation, but this he does not think proper to do, and by accident some seven years after-wards he discovers that his conveyance covered more and better land than he had thought, and then he seeks the aid of a court. The peace of society requires those rights shall be enforced in a reasonable time, and that they shall be barred if they are not. If a man gets possession of another’s land and holds it seven years it belongs to him, although the real owner might have no knowledge of the adverse possession, because it was his business to have known. Lands are acquired by a conveyance, the metes and bounds of which cover more land than the vendor designed, and after a lapse of seven years he files his bill' to set it aside, because he did not know of the error sooner. ■ Upon what principle shall he be heard, when the other is not? None that we are aware of.
Therefore, let the decree of the Chancellor be reversed, and the complainant’s bill be dismissed.